UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | | |
|---|---|---|
| THOMAS G. FRANKS, JR., | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Cause No. 1:23-CV-233-HAB |
| BOSCH MOTOR SYSTEMS, et al., | ) ) ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Plaintiff has filed a complaint (ECF No. 1) and a motion to proceed *in forma pauperis* (ECF No. 2). Because the complaint, as filed, does not state a claim, it will be dismissed.

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has

happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Plaintiff alleges workplace discrimination. He alleges that he was hired by Defendant Bosch Motor Systems ("Bosch") through an internal temp service, MAU. Plaintiff had a walkthrough on his first day. During the walkthrough, the Bosch employee giving the tour noticed Plaintiff's "walk [was] off." The Bosch employee then "blurted" to a supervisor that Plaintiff could not do the job. This occurred in front of the other new hires. Plaintiff told his contact at MAU about the incident and was told MAU would investigate. Plaintiff alleges he never heard anything more about the investigation.

Plaintiff concedes that his "walk is off a little" because of a car accident from more than two years ago. But Plaintiff claims that he has video showing him walking on a treadmill at Planet Fitness and knocking out one hundred and twenty-five reps on the bench press at fifty pounds. Plaintiff believes that this demonstrates that he is in better shape than many employees at Bosch.

The complaint alleges damages to Plaintiff's "charactor" (sic) in the amount of $40,000.00, exclusive of court costs and attorney fees. His primary goal in filing the suit is to stop companies like Bosch from discriminating.

Although Plaintiff does not identify a legal theory supporting his complaint, the Court assumes that he is attempting to bring a discrimination claim under the Americans with Disabilities Act ("ADA"). The elements of a disability discrimination claim require Plaintiff to allege that he was (1) disabled within the meaning of the ADA; (2) was qualified to perform his job; and (3) suffered an adverse employment action because of his disability. *See Bunn v. Khoury Enter., Inc.*, 753 F.3d 676, 683 (7th Cir. 2014).

The problem is with the third element. Plaintiff alleges that someone at Bosch said he couldn't do his job, but there is no allegation that he was fired or otherwise prevented from doing the job. Instead, the request for damages to Plaintiff's "charactor" (sic) indicates that this may be a simple case of hurt feelings. And absent a hostile work environment, which is not created by one comment, *see Adusumilli v. City of Chicago*, 164 F.3d 353, 361–62 (7th Cir. 1998), statements alone are not an adverse employment action. Plaintiff may believe, because of his eighteen years in management, that he knows "what falls under discrimination," but the allegations in his complaint aren't it.

This leaves whether Plaintiff should be given the right to replead. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [*in forma pauperis*] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). Perhaps there's more to the story, and that some adverse employment action was taken. Plaintiff will be given the right to replead to explain the adverse employment action more fully if one exists.

For these reasons, Plaintiff's complaint (ECF No. 1) is DISMISSED. Plaintiff is DIRECTED to file an amended complaint on or before July 7, 2023. The Clerk is DIRECTED to provide Plaintiff with a Civil Complaint form (INND Rev. 1/21) for Plaintiff to use in filing an amended complaint.

SO ORDERED on June 8, 2023.

        s/ *Holly A. Brady*
        JUDGE HOLLY A. BRADY
        UNITED STATES DISTRICT COURT