UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| THOMAS G. FRANKS, JR., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Cause No. 1:23-CV-233-HAB |
| | ) |
| BOSCH MOTOR SYSTEMS, et al., | ) |
| | ) |
|     Defendants. | ) |

**OPINION AND ORDER**

Plaintiff's initial complaint (ECF No. 1) was screened by the Court and found not to state a claim. (ECF No. 3). Plaintiff has now filed an amended complaint. (ECF No. 4). Because the amended complaint also does not state a claim, this matter will be dismissed.

District courts have an obligation under 28 U.S.C. § 1915(e)(2)(B) to screen complaints before service on the defendant and must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. Dismissal under the *in forma pauperis* statute is an exercise of the court's discretion. *Denton v. Hernandez*, 504 U.S. 25, 34 (1992). In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal under federal pleading standards,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, a "plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has

happened to [him] that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original).

Just like his initial complaint, Plaintiff's amended complaint alleges workplace discrimination. He alleges that he was hired by Defendant Bosch Motor Systems ("Bosch") through an internal temp service, MAU. Plaintiff had a walkthrough on his first day. During the walkthrough, the Bosch employee asked what was wrong with Plaintiff's left leg. The Bosch employee then told a supervisor that Plaintiff could not do the job. This occurred in front of the other new hires. Plaintiff told his contact at MAU about the incident and was told MAU would investigate. Plaintiff alleges he never heard anything more about the investigation.

Plaintiff concedes that his walk is "90%." But Plaintiff claims that he has video from Planet Fitness that shows he can perform the job functions.

Although Plaintiff does not identify a legal theory supporting his complaint, the Court assumes that he is attempting to bring a discrimination claim under the Americans with Disabilities Act ("ADA"). The elements of a disability discrimination claim require Plaintiff to allege that he was (1) disabled within the meaning of the ADA; (2) was qualified to perform his job; and (3) suffered an adverse employment action because of his disability. *See Bunn v. Khoury Enter., Inc.*, 753 F.3d 676, 683 (7th Cir. 2014).

The problem, as with the initial complaint, is with the third element. Plaintiff alleges that someone at Bosch said he couldn't do his job, but there is no allegation that he was fired or otherwise prevented from doing the job. And absent a hostile work environment, which is not created by one comment, *see Adusumilli v. City of Chicago*, 164 F.3d 353, 361–62 (7th Cir. 1998), statements alone are not an adverse employment action. The statement by the Bosch employee may have been embarrassing, but it wasn't illegal discrimination.

2

This leaves whether Plaintiff should be given the right to replead. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an [*in forma pauperis*] applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend."). Plaintiff has been given two opportunities to state a claim and has failed both times. The Court finds that no further opportunities are necessary.

For these reasons, this case is DISMISSED.

SO ORDERED on July 13, 2023.

      s/ *Holly A. Brady*
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT